# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JEFF KOONTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:12-00695-CV-DGK |
| ) | |
| QUIKTRIP CORPORATION, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This case arises out of Plaintiff Jeff Koontz's ("Koontz") trip and fall accident at one of Defendant QuikTrip Corporation's ("QuikTrip") locations on February 17, 2011. Pending before the Court is Defendant's motion for summary judgment (Doc. 19), Plaintiff's opposition (Doc. 20), and Defendant's reply (Doc. 21). Because Plaintiff fails to provide any evidence showing the existence of a dangerous condition, Defendant's motion for summary judgment is GRANTED.

### Background

The following facts are uncontroverted. On February 17, 2011 at approximately 10 a.m., Plaintiff Jeff Koontz drove to the QuikTrip gas station located at 15401 S. 71 Highway Jackson County, Missouri ("the QuikTrip") to fill his vehicle with gas. The QuikTrip was located approximately one block from Koontz's house, and prior to February 17, 2011, Koontz had visited the QuikTrip approximately one thousand times and filled his vehicle with gasoline there on hundreds of occasions. On the day of the accident, the weather was sunny and there was no snow or ice in the QuikTrip parking lot.

Upon arriving, Koontz parked his pickup truck facing the QuikTrip storefront with the driver's side next to gas pump 5. Koontz exited his pickup through the driver's door. Before pulling the nozzle from the dispenser, Koontz walked past the gasoline pump hose ("the gas hose") and paid at pump 5 with his debit card. Koontz then grabbed the nozzle and put it in the gas tank of his pickup. After filling his pickup with gas, Koontz replaced the nozzle in the dispenser in its resting position. Koontz then walked past the gas hose to return to the driver's door of his pickup. Next, Koontz noticed that his windshield was dirty and needed cleaning, so he turned and walked toward the windshield-cleaning wand positioned near his tailgate, again passing the gas hose. After grabbing the windshield-cleaning wand positioned near his tailgate, Koontz walked past the gas hose to the front of his pickup to clean his windshield.

After cleaning his windshield, Koontz turned to return the windshield wand to its holder near the tailgate of his pickup. As he passed the gas hose, Koontz's right foot caught the gas hose loop and he fell. Koontz was not looking at the gas hose immediately before he fell. QuikTrip has no knowledge of any complaint of a customer tripping over a gas hose while it was holstered in the gas pump at any of its more than 600 locations.

**Standard**

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When considering a motion for summary judgment, a court must evaluate the evidence in the light most favorable to the nonmoving party and the

nonmoving party "must be given the benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir. 1991).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 248.

**Discussion**

The parties do not dispute that Plaintiff is a business invitee of Defendant. To establish premises liability under Missouri law,[1] a business invitee must prove: (1) a dangerous condition existed on defendant's property which involved an unreasonable risk (2) defendant knew, or by using ordinary care should have known, of the dangerous condition, (3) defendant failed to use ordinary care in removing or warning of the danger, and (4) plaintiff sustained injuries as a result of the dangerous condition. *Steward v. Baywood Villages Condo. Ass'n,* 134 S.W.3d 679, 682 (Mo. Ct. App. 2004); *see also Roberson v. AFC Enters., Inc.,* 602 F.3d 931, 934 (8th Cir. 2010). "Ordinary care" is the "degree of care that an ordinarily careful person would use under the same or similar circumstances." *Roberson*, 602 F.3d at 934 (citing *Lopez v. Three Rivers Elec. Coop., Inc.*, 26 S.W.3d 151, 158 (Mo. banc 2000).

---

[1] The parties do not dispute that Missouri law applies here. Where a federal district court has diversity jurisdiction, the court applies the choice of law rules of the forum state. *Interstate Cleaning Corp. v. Commercial Underwriters Ins. Co.*, 325 F.3d 1024, 1028 (8th Cir. 2003). In tort cases, Missouri utilizes the Second Restatement's "most significant relationship" test. *Goede v. Aerojet Gen. Corp.*, 143 S.W. 3d 14, 24 (Mo. Ct. App. 2004). Under this approach, the court looks to the following factors to determine the applicable state law: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Restatement (Second) Conflict of Laws § 145.

**I.  Plaintiff cannot prove the gas hose pump was a dangerous condition.**

To establish a foundation for premises liability, a plaintiff "must show that the instrumentality which caused the injury was either inherently dangerous and/or defective or that it was placed in such a way that it created a dangerous condition." *Morrison v. St. Luke's Health Corp.*, 929 S.W.2d 898, 903 (Mo. App. 1996) (*citing Luthy v. Denny's Inc.,* 782 S.W.2d 661, 663 (Mo. App. 1989)). "Without some testimony or other evidence from which it can be inferred there was a dangerous condition . . . there is no foundation for premises liability.'" *Badovinatz v. Brown*, 192 S.W. 3d 445 (Mo. App. 2006) (citing *Rycraw v. White Castle Sys., Inc.*, 28 S.W.3d 495, 499 (Mo. App. 2000)).

The gas hose at issue in this case is not inherently dangerous. Rather, Plaintiff argues that it was made dangerous because of its length and its placement "on the ground." Specifically, Plaintiff's petition alleges that "the gasoline hose was of such a length as to loop onto the ground creating a dangerous condition in which a customer could easily catch a part of their body on the hose causing them to trip and/or fall."

However, the fact that plaintiff tripped and fell on QuikTrip's lot does not, by itself, establish the existence of a dangerous condition. *See Badovinatz*, 192 S.W. 3d 445. Moreover, the fact that Plaintiff testified that the loop was on the ground does not necessarily make it dangerous. Rather, Plaintiff must provide some admissible evidence, aside from his conclusory allegations, that a dangerous condition existed.

Plaintiff argues there is a genuine issue of material fact as to whether a dangerous condition existed because a gas station employee told him that, "we've had problems with that before" (Doc. 19-1, at 141). Plaintiff also provides the deposition testimony of his girlfriend,

4

stating that an unidentified gas station employee[2] told her that there had been several accidents at the station. However, a party cannot use inadmissible hearsay to support or defeat a motion for summary judgment. *Brooks v. Tri-Systems, Inc.*, 425 F.3d 1109, 1111 (8th Cir. 2005). Here, the gas station employee's out-of-court statement is offered for its truth—to show that the gas hose was dangerous. According, the Court cannot consider it.

The Plaintiff does not provide any other evidence suggesting the gas hose posed a dangerous condition. Plaintiff does not provide the Court with the length of the gas hose, a picture of it touching the ground, or testimony of other individuals present on the day of the accident. In fact, Plaintiff testified that immediately prior to the fall, he did not even look at the gas hose (Doc. 19-1, at 128). Because there is no testimony, picture, or other evidence suggesting why or how the gas hose posed a dangerous condition,[3] the Court holds that Plaintiff has failed to meet his burden of showing there is a genuine issue of material fact sufficient to warrant a trial. *See Badovinatz*, 192 S.W.3d at 449.[4]

**Conclusion**

As the Court previously noted, the presence of "some metaphysical doubt as to the material facts" is insufficient to defeat a motion for summary judgment. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. For the foregoing reasons, the Court finds that Plaintiff has failed to show there is a genuine issue of material fact as to whether a the gas hose was dangerous. Accordingly, Defendant's motion for summary judgment is GRANTED.

---

[2] Neither Plaintiff nor his girlfriend can identify this employee.
[3] In contrast, pictures taken just after the accident show that the gas hose was not on the ground. Moreover, Plaintiff admits that the hose was the same length at the time of his accident as it was when the pictures were taken.
[4] "Specifically, there was no testimony, or diagrams, or pictures, or other depiction of how the blocks were stacked or where they were placed on the scaffolding, other than on the top. There was no evidence that anything else was on the scaffold to shield [Plaintiff's] view of the blocks as his head and eyes reached the floor level of the scaffolding, nor was there evidence to suggest he would not have been able to see the blocks once his feet reached the scaffold floor, nor was there any evidence from which it can be inferred that [Plaintiff] would have had little time to notice the blocks. The absence of evidence from which it can be inferred *why* the concrete blocks constituted a *dangerous* condition is fatal to [Plaintiff's] case."

**IT IS SO ORDERED.**

Date: July 9, 2013                             /s/ Greg Kays
                                               **GREG KAYS, JUDGE**
                                               **UNITED STATES DISTRICT JUDGE**